IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Donnell Mitchell, | Civil Action No. 1:25-cv-13069-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| AGY Aiken, LLC and AGY Holding Corp., | |
| Defendants. | |

Through this action, Plaintiff Donnell Mitchell ("Plaintiff" or "Mitchell"), proceeding *pro se*, seeks recovery from his former employer, Defendant AGY Aiken LLC and AGY Holding Corp. (collectively "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*("ADA"); and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq* ("FMLA"). Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

The matter is before the court on multiple motions by the parties. Defendants filed a motion to dismiss for failure to state a claim, or in the alternative, for a more definite statement, pursuant to Federal Rule of Civil Procedure 12. Dkt. No. 11. Because Plaintiff is proceeding *pro se*, the court entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the applicable procedures and consequences if he failed to respond adequately to Defendants' motion. Dkt. No. 13. Plaintiff filed a response in opposition to Defendants' motion (Dkt. No. 23), a motion for judgment on the pleadings pursuant to Rule 12(c) (Dkt. No. 25), and a motion for summary judgment (Dkt. No. 26). Defendants filed a reply in support of their motion

to dismiss (Dkt. No. 28), a motion to strike Plaintiff's three filings (Dkt. No. 29), and a motion to stay their responses to Plaintiff's motion for judgment on the pleadings and motion for summary judgment pending the outcome of their motion to strike (Dkt. No. 30).

On February 3, 2026, the Magistrate Judge issued a Report recommending Defendants' motion to strike be granted in part, striking Plaintiff's pending motions, and Defendants' motion to dismiss and for a more definitive statement be granted, dismissing Plaintiff's claims for violations of the ADA, FMLA, and Title VII, except for the retaliation claims. Dkt. No. 31 at 2-3. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  Plaintiff filed a response to the Report as well as a motion to amend the Complaint (Dkt. No. 35), and a "supplemental statement of retaliation, union breach, and unanswered misconduct" (Dkt. No. 34). Defendants replied. Dkt. No. 36.

### 1. **Standard**

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court is required to review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416

2

F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of the claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.* The court may consider documents attached to the complaint when considering a motion under Rule 12(b)(6). *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

A motion for a more definite statement under Rule 12(e) can be filed if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) must be read in conjunction with Rule 8, which establishes the general rules for pleading. *Hodgson v. Virginia Baptist Hospital*, 482 F.2d 821, 822-23 (4th Cir. 1973). The motion for more definite statement is "designed to strike at unintelligibility rather than simple want of detail," and the motion will be

3

granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading. *Frederick v. Koziol*, 727 F. Supp. 1019, 1021 (E.D. Va. 1990).

### 2. Discussion

The Magistrate Judge recommends granting Defendants' motion to strike in part as to Plaintiff's pending motions, and granting Defendants' motion to dismiss the claims for violations of the ADA, FMLA, and Title VII, and granting the motion for a more definite statement as to the retaliation claims. Dkt. No. 31 at 2-3.

Plaintiff filed a "response" to the Report and attached a proposed Amended Complaint. Dkt. No. 35. Defendants filed a reply, noting Plaintiff has not objected to the Report's recommendations. Dkt. No. 36.

The court agrees Plaintiff has not filed specific objections to the Magistrate Judge's Report. Instead, he acknowledges several factors she raised, such as the use of Artificial Intelligence ("AI") and the need to amend his Complaint. Dkt. No. 35 at 2-3.[1] In the absence of a specific objection, the court reviews the Report for clear error. Finding none, the court adopts the Report. Defendants' motion to dismiss for failure to state a claim (Dkt. No. 11) is granted as to Plaintiff's claims under Title VII, the ADA, and FMLA except for his retaliation claims. The court also grants Defendants' motion to strike (Dkt. No. 29) in part as to Plaintiff's pending motions for judgment on the pleadings and for summary judgment (Dkt. Nos. 25, 26) and those motions are hereby stricken

---

[1] Plaintiff's "Notice" at Dkt. No. 34 contains additional factual statements but no objections to the Report, and in fact does not address the Report. Plaintiff acknowledges it was sent before he received the Report. Dkt. No. 35 at 2.

4

from the docket. However, the court will not strike Plaintiff's response in opposition to Defendants' motion to dismiss (Dkt. No. 23). Defendants' motion to stay was denied by the Magistrate Judge as moot. The motion for a more definite statement is granted as to the retaliation claims, and Plaintiff 's motion to amend the complaint (Dkt. No. 35) is granted as to those claims. The Amended Complaint is deemed filed and the Clerk of Court is hereby directed to file the Amended Complaint as a separate docket entry in the case. Defendants shall respond within 14 days of the entry of this Order. This matter is re-referred to the Magistrate Judge for review of the Amended Complaint and further pre-trial matters.

  **IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 21, 2026

5